# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**         **CRIMINAL NO. 12-CR-00344(01)**

**VERSUS**         **JUDGE FOOTE**

**JAMES PANOS (01)**         **MAGISTRATE JUDGE HANNA**

### *CONFLICT RULING AND ORDER*

On the motion of Kevin Stockstill, as attorney for James Panos, the undersigned held a hearing on January 6, 2014, to consider whether Mr. Stockstill has/may have an actual or potential conflict in representing James Panos by virtue of the fact that Mr. Stockstill previously represented one of the witnesses listed by the government who is expected to be called by the government at the trial of the captioned matter. The defendant was placed under oath and found to be competent. Standby counsel was provided to the defendant.

This case has been designated as complex for purposes of the Speedy Trial Act, 18 U.S.C. §3161 that is very document intensive. It is set for trial in May and disqualification of Mr. Stockstill at this juncture would likely work a hardship on the defendant. The witness was identified as a former employee of Desperado's Nightclub, who is expected to testify regarding the operations of the club. While her testimony is not insignificant, she would not be considered a major witness at the trial. Her representation by Mr. Stockstill dealt with matters unrelated to the

2

club or the charges made the subject of this matter.  During her representation by Mr. Stockstill, the witness plead 'no contest' to a misdemeanor drug offense and her sentence has been satisfied. The matter is concluded and there is no longer an attorney/client relationship between the witness and Mr. Stockstill.

On these facts, the undersigned finds no present or concurrent conflict of interest as the term is described in Rule 1.7 of the Rules of Professional Conduct although the potential for conflict exists in the event the witness is called and Mr. Stockstill is limited in his cross-examination based on information he acquired through his representation of her.  The issue was explained in detail to the defendant who expressed his intention to waive any potential conflict as to his attorney and the witness.  The undersigned accepted the defendant's waiver. However, in order to avoid an actual conflict at trial, co-counsel will be appointed for the defendant for the purposes of questioning the witness for the defense.

### Applicable Law and Discussion

When faced with the possibility of a conflict, it is incumbent upon the court to ascertain whether the conflict warrants separate counsel for a criminal defendant nothwithstanding the criminal defendant's right to be represented by his preferred counsel. *Wheat v. United States*, 486 U.S. 153,159-160, 108 S.Ct. 1692,1697 (1988). A district court may refuse to accept a defendant's waiver of an

3

actual or potential conflict, because the court has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.,* see also *United States v. Vasquez*, 995 F.2d 40,42 (5th Cir. 1993).

The question of whether there is a conflict of interest, either in concurrent or successive representations, is determined by focusing on "whether counsel's allegiance to the accused was compromised by competing obligations owed to other clients." *Perillo v. Johnson,* 205 F.3d 775, 798 (5th Cir.2000), citing *United States v. Alvarez*, 580 F.2d 1251, 1255, 1258 (5th Cir. 1978).

In the instant case, the potential conflict involves a single witness and a past, now-concluded attorney/client relationship between defense counsel and the witness.  For the reasons given above, the Court finds no actual conflict exists at the present, but recognizes that the potential for conflict exists should the witness be called at trial. Mr. Stockstill affirmed his belief that he "will be able to provide competent and diligent representation" to the defendant as required by  La. Rule of Professional Conduct 1.7.  The  defendant voiced his understanding of the issue, his satisfaction with Mr. Stockstill's representation and his desire that Mr. Stockstill continue that representation.

4

While the Court recognizes the defendant's waiver as valid under *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir.1975), abrogated on other grounds by *Flanagan v. United States*, 465 U.S. 259, 263 & n. 2, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), and will not disqualify Mr. Stockstill, the defendant has been made aware that the Court will appoint co-counsel for purposes of cross-examination of the witness if necessary.

## *Conclusions and Orders*

After interviewing the defendant, advising him of his rights, and questioning counsel for the defendant and the government, it is the finding of the undersigned that the defendant James Panos understands his rights to conflict-free counsel and the potential for conflict presented by the single government witness at issue.  The defendant made a knowing and intelligent waiver, which the court accepts. Nevertheless, the Court will appoint co-counsel for purposes of avoiding the potential conflict in the event the witness is called by the government at trial. In the event counsel for the defendant or the government should identify an actual conflict as this matter proceeds, that conflict is to be breought to the attention of the Court in order to convene another hearing if appropriate.  Therefore, for the reasons given above,

5

IT IS HEREBY ORDERED that the Office of the Federal Public Defender

recommend counsel from the CJA panel to assist in the defense of James Panos for

the purpose of cross-examination of the witness identified by the government

formerly represented by Mr. Stockstill.

IT IS FURTHER ORDERED that the government will notify the court and

defense counsel in the event it determines that the witness will not be called at trial

on the merits.

Signed in Lafayette, Louisiana, this 6th day of January, 2014.


_____
Patrick J. Hanna
United States Magistrate Judge